UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

October 11, 2023

MEMORANDUM TO COUNSEL RE:   United States of America v. David Thomas Odom, et al.
Criminal No. GLR-16-0192
Rel. Civil No. GLR-18-1749

Dear Counsel:

Pending before the Court is Third-Party Claimant Kimberly B. Odom's ("Claimant") Motion to Transfer. (ECF No. 354). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motion.

On March 28, 2017, Defendant David Thomas Odom pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Plea Agreement ¶ 1, ECF No. 72). Under the plea agreement, Defendant agreed to forfeit assets traceable directly to his offense, namely his home at 24724 West Royal Lytham Drive, Naperville, IL up to $821,000. (Id. ¶ 11(a)).

On June 18, 2019, Claimant asserted that she had a valid legal interest in the 24724 West Royal Lytham Drive, Naperville, IL property and contested its forfeiture. (Mot. Verified Pet. Asserting Legal Claim to Real Property By Third Party Complainant ["Mot. Property"] ¶ 3, ECF 229). In or about 2003, Claimant and her husband, the Defendant, purchased the property as tenants by the entirety and have occupied it since. (Id. ¶¶ 5, 7). Claimant postulates there is no forfeitable interest in the property under Illinois law as she is an innocent party with co-ownership. (Id. ¶¶ 3, 8).

On February 25, 2023, Claimant filed a Motion for Summary Judgement, (EFC No. 353), which the Government opposed (Mot. Transfer, EFC No. 363). Shortly thereafter on March 8, 2023, Claimant filed a Motion to Transfer requesting that the proceedings surrounding the property be transferred to the United States District Court for the Northern District of Illinois. (ECF No. 354) The Government opposed the Motion to Transfer on March 27, 2023. (Resp. Opp'n., ECF 358).

**Standard of Review**

In a conspiracy that involves multiple jurisdictions, "venue is proper in 'any one of those districts'". United States v. Shusterman, No. WDQ-13-0460, 2014 WL 6835161, at *5 (D.Md. Dec. 2, 2014) (quoting United States v. Martinez, 901 F.2d 374, 376 (4th Cir. 1990)). Further, criminal defendants have no constitutionally based right to a trial in their home district. Platt v.

Minnesota Min. & Mfg. Co., 376 U.S. 240, 245 (1964). However, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, a court may transfer proceedings committed in more than one district or division "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice" upon the defendant's motion.[1]

**Analysis**

After careful analysis, the Court finds that the totality of factors weighs in the Claimant's favor. When deciding a Rule 21(b) Motion to Transfer, courts consider the following factors:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

Platt, 376 U.S. at 243–44. No one factor is dispositive, and courts must try to strike a balance and determine which factors are of greatest importance. United States v. Farkas, 474 F.App'x 349, 353 (4th Cir. 2012) (internal quotation marks and citation omitted).

1. **Location of the Defendant**

Claimant resides in the state of Illinois and is thereby closer to the Northern District of Illinois' courthouse. (Mot. Transfer ¶ 5). The proceedings remaining in Maryland would require that she travel a substantial distance to and from. Additionally, there are no other claimants' or defendants' locations to consider. Cf. Shusterman, 2014 WL 683516, at *6 (holding that this factor was neutral because travel was unavoidable as defendants resided in two far apart states). This factor favors a transfer.

2. **Location of Witnesses**

In order to satisfy this factor, defendants "must offer specific examples of witnesses' testimony and their inability to testify because of the location of the trial." Shusterman, 2014 WL 683516, at *7 (quoting United States v. Farkas, No. 1:10CR200 LMB, 2010 WL 3835110, at *3 (E.D.Va. Sept. 24, 2010)). Although Claimant has put forth vague and slightly inaccurate support for witnesses' inability to testify in Maryland, (Mot. Transfer ¶ 7), the Government concedes that all but one witness reside in Illinois, (Resp. Opp'n. at 3). It is reasonable to assume that it is more feasible for one witness, the Government's primary case agent who resides in Maryland, to travel to another state than it would be for multiple witnesses. This factor favors a transfer.

---

[1] The Court acknowledges that Claimant's Motion is a civil matter that arose from Defendant David Odom's criminal forfeiture. Therefore, although Claimant is not a defendant, her Motion to Transfer will be analyzed under criminal law.

### 3. Location of Events Likely to be in Issue

Although the forfeiture property is located in Illinois,[2] the crimes mostly took place in Maryland albeit somewhat through interstate communications. "Consideration of the location of events ensures that the trial is held near where the allegedly criminal activity occurred, rather than in a district where venue has a more remote connection to the crime." Shusterman, 2014 WL 683516, at *7 (quoting United States v. Coffee, 113 F.Supp.2d 751, 755–56 (E.D.Pa. 2000) (internal quotation marks omitted)). Illinois's connection to the case is limited compared to Maryland's. This factor does not favor a transfer.

### 4. Location of Documents and Records

The documents and records in this case are all stored in the CM/ECF system in electronic format. Additionally, neither party raised location as an issue. This factor is neutral.

### 5. Disruption of the Defendant's Business

Claimant provided no arguments regarding disruptions to business. Even if there were a disruption, disruptions as a result of prosecution are unavoidable. Shusterman, 2014 WL 683516, at *7 (quoting United States v. Bloom, 78 F.R.D. 591, 609 (E.D.Pa. 1977)). This factor does not favor a transfer.

### 6. Expense to the Parties

Claimant asserts she is of limited means and the proceedings continuing in Maryland would create a financial hardship related to the travel. (Mot. Transfer ¶ 5). The Government also contends that transferring the proceedings at this stage of the litigation would be costly and inconvenient. (Resp. Opp'n. at 3). Even if defendants have great financial means, the government's financial resources place it in a better position to bear additional expenses that arise from a transfer. United States v. Ferguson, 432 F.Supp.2d 559, 567-68 (E.D.Va. 2006) (stating that the Defendants were well off, but their resources paled in comparison to the Government's)). This factor favors a transfer.

### 7. Location of Counsel

As the Government points out, (Resp. Opp'n. at 4), Claimant's counsel is located within the district of Maryland in Baltimore. Transferring would likely require both the Government and Claimant to acquire new counsel in Illinois. This factor does not favor a transfer.

### 8. Relative Accessibility of Place of Trial

Both the District of Maryland's Baltimore location and the Northern District of Illinois courthouses are located close to international airports and train stations. Notwithstanding the available modes of transportation, accessibility is interwoven closely to aforementioned factors including location and financial abilities of defendants and witnesses. See Ferguson, 432

---

[2] The Government is correct in that the location of the property, (Resp. Opp'n. at 2), is irrelevant to the determination of Claimant's Motion. Therefore, no weight was placed on that fact in this analysis.

F.Supp.2d at 569 (weighing the inconvenience of the courthouse's location for defendants, witnesses, and some government agents). With all taken into consideration, the inconvenience is heaviest on the Claimant. This factor favors a transfer.

9. **Docket Conditions in Each District**

The enactment of the Speedy Trial Act, 18 USC § 3161, et seq., makes the need to consider docket conditions as part of a Rule 21(b) analysis moot. However, if considered, the Court believes it would weigh in favor of a transfer.

10. **Other Specific Elements**

The Court recognizes the other considerations advanced by both parties but finds that they are irrelevant or not needed for a thorough analysis of the issue under this test.[3] This factor is neutral.

**Conclusion**

In sum, four of the ten factors are in support of a transfer, two are neutral, and three are not in favor. Thus, because the balance leans more toward the Claimant, the Court will GRANT the Motion to Transfer (ECF No. 354). These proceedings, including Claimant's Motion for Summary Judgement, (EFC No. 353), will be transferred to the United States District Court for the Northern District of Illinois. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge

---

[3] The Court is in receipt of the Government's latest correspondence. (Status R., ECF 376). As stated above, the analysis remains the same.

3